UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GARCIA CERVANTES,<br><br>        Plaintiff,<br><br>    v.<br><br>LELAND DUDEK<br>Acting Commissioner of Social Security,[1]<br><br>        Defendant. | Case No.: 1:20-cv-1446 JLT BAM<br><br>ORDER DECLINING TO ADOPT THE FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S APPEAL, AND REMANDING THE ACTION FOR FURTHER PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF DANIEL GARCIA CERVANTES AND AGAINST DEFENDANT LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY<br><br>(Docs. 18, 26) |

Daniel Garcia Cervantes seeks judicial review of a final decision denying his applications for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 18.) Plaintiff asserts the administrative law judge erred in evaluating Plaintiff's subjective statements concerning the severity of his symptoms and impairments. (*Id.* at 4-7.) He requests the Court reverse the decision of the ALJ and remand for further proceedings. (Doc. 1 at 2.) The Commissioner asserts the ALJ properly discounted Plaintiff's testimony and the Court should affirm the decision. (Doc. 19 at 5-8.)

---

[1] Leland Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes in Mr. Dudek as the defendant in this action.

1

## I. Findings and Recommendations

The magistrate judge observed that in evaluating Plaintiff's subjective complaints, the ALJ considered the objective medical evidence, the nature of the treatment provided, and Plaintiff's response to treatment. (Doc. 26 at 10; *see also id.* at 10-15.) Specifically, the magistrate judge found that the ALJ "appropriately discussed the medical evidence as one factor in discounting Plaintiff's symptoms testimony." (*Id.* at 12.) The magistrate judge reviewed the record and found it "typically demonstrated that a conservative combination of physical therapy, pain medication, and muscle relaxants appeared effective for treating Plaintiff's back pain while other medication appeared effective in controlling symptoms of Plaintiff's diabetes mellitus and obesity." (*Id.* at 13.) The magistrate judge determined that "[i]n contrast with the more severe limitations alleged, the ALJ highlighted the relatively conservative medications and physical therapy that appeared to be effective in controlling Plaintiff's symptoms." (*Id.* at 13-14.) As a result, the magistrate judge found the ALJ also "appropriately considered evidence of conservative and effective treatment in evaluating Plaintiff's subjective testimony." (*Id.* at 14.) The magistrate judge concluded the ALJ's decision to discount Plaintiff's subjective statements was "based on appropriate rationale." (*Id.* at 15.) Therefore, the magistrate judge recommended the Court deny Plaintiff's appeal and enter judgment in favor of Defendant. (*Id.* at 16.)

## II. Objections

Plaintiff filed objections to the Findings and Recommendations, asserting the "finding that the ALJ properly evaluated Plaintiff's subjective complaints should not be adopted." (Doc. 29 at 1, emphasis omitted.) He maintains that substantial evidence does not support the ALJ's evaluation of his subjective complaints. (*Id.* at 2.) Plaintiff contends the magistrate judge relied on a "general summary of the evidence" and performed "a new analysis to construe that summary of evidence as inconsistent with Plaintiff's symptoms." (*Id.*) Plaintiff argues that the magistrate judge "pull[ed] apart the conclusory assertion set forth by the ALJ [to] offer a post-hoc analysis of the record, identifying evidence that could be construed as consistent with the ALJ's bare conclusions." (*Id.*) Plaintiff notes that a "final decision cannot be upheld based on *post-hoc* arguments. (*Id.*) Thus, Plaintiff concludes "this matter warrants remand for further proceedings." (*Id.* at 3.)

### III. Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

#### A. Evaluation of Plaintiff's subjective statements

In evaluating a claimant's statements regarding the severity of his symptoms, an ALJ must determine first whether objective medical evidence shows an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if there is no evidence of malingering, the ALJ must set forth clear and convincing reasons for rejecting subjective complaints. *Id.* at 1036.

If there is objective medical evidence of an impairment, an ALJ may not discredit a claimant's testimony as to the severity of his symptoms merely because it is unsupported by objective medical evidence. *See Bunnell*, 947 F.2d at 347-48. The Ninth Circuit explained:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

*Smolen v. Chater* 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986)). Further, an ALJ is directed to identify "specific reasons for the weight given to the individual's symptoms," in a manner "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

The ALJ determined "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." (Doc. 14-2 at 33.) However, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are

3

not entirely consistent with the medical evidence and other evidence in the record..." (*Id.*) In support of the conclusion that Plaintiff's statements were "inconsistent" with the record, the ALJ stated:

> The longitudinal medical evidence does not establish a level of severity of the claimant's impairments to prohibit substantial gainful activity. The claimant was diagnosed with degenerative disc disease of disease of his cervical and lumbar spine. (Exhibit 8F). Included in the medical evidence is an MRI of the lumbar spine performed in September 2010. (Exhibit 8F/29). Findings noted degenerative disc disease seen at the L4-5 level with small central disc protrusion; congenital narrowed canal with up to moderate spinal canal stenosis; and partial sacralization of the LS vertebra to the left. (*Id.*). A subsequent imaging study of his cervical spine performed in October 2011 showed moderate central spinal stenosis at C4-C5 due to broad based disc bulge with severe stenosis of the C4-5 left lateral recess due to left lateral protrusion with annular tear; large disc bulge/protrusion at CS-6 causes mild central stenosis with moderate to severe right lateral recess narrowing; mild central spinal stenosis noted at C3-C4; and smaller disc bulges at C2-C3 and C6-C7. (Exhibit 8F/28). Relevant physical examination findings have generally reflected normal gait, motor strength within normal limits, and some intermittent decreased range of motion. (Exhibits 1F, 2F, 4F, 7F). Treatment has included pain medications, muscle relaxants, and physical therapy. (*Id*).
>
> The claimant underwent a consultative examination in March 2017. (Exhibit 3F). He endorsed chronic low back pain that occasionally radiated into his left leg and some left leg numbness. Physical examination findings noted positive straight leg raise at 80° sitting and 70° lying down. He had decreased spinal range of motion. However, all other range of motion findings were within normal limits, including the lower extremities. There was good tone bilaterally with good active motion. Strength was 5/5 in all extremities. Gait was normal. Notes indicate that the claimant reported that he bought himself a cane and had used it for approximately 5 years. The examining physician diagnosed discogenic disease. (*Id.*).
>
> With regard to the claimant's diabetes mellitus, he reported home blood glucose levels within normal limits and denied hypoglycemia. (Exhibits 4F, 7F). Lab work from January 2018 reported his A1C at 5.8. (Exhibit 6F). This condition was treated with medications including Metformin. (*Id.*). The claimant was also advised on lifestyle activities such as diet and exercise. He was educated as to the comorbid effects of obesity. (*Id.*). The claimant underwent a diabetic foot evaluation and treatment in March 2017. (Exhibit 2F). Notes indicate that there was no obvious pain. A chronic skin lesion was present on the lateral right foot. Neurological examination findings noted the presence of sensory perception to the distal toes and forefoot. (*Id.*). His toenail were debrided, parred, and filed. He was advised to continue with antifungal cream. (*Id*).

(Doc. 14-2 at 33-34.)

Before turning to the medical opinion evidence, the ALJ also addressed Plaintiff's testimony concerning the severity of his symptoms:

4

> The claimant has reported limited activities, including difficulty ambulating more than a short distance, difficulty with most household chores and physical activities, and pain when sitting more than a brief time. (Hearing Testimony, Exhibits 2E, 3E). The objective evidence, including consistently normal gait findings, overall conservative treatment, and fair response to treatment modalities, are not consistent with the claimant's allegations of symptoms and limited activities. (Exhibits 1F – 8F). However, in reconciling such evidence with the claimant's persistent subjective complaints; physical examination findings noting reduced range of motion, decreased muscle strength, and at least once positive straight leg raise test; and repeat diagnosis, I find the claimant is limited to light exertion with the additional postural and environmental restrictions determined above.

(Doc. 14-2 at 34.) Thus, the ALJ purported to reject Plaintiff's subjective statements based upon inconsistencies with the objective record, the nature of treatment he received, and the effectiveness of the treatment. (*See id.* at 33-34.) The Court must determine whether these were clear and convincing reasons for discounting Plaintiff's statements.

### 1.    Treatment

When evaluating a claimant's subjective statements, the ALJ may consider "the type, dosage, effectiveness, and side effects of any medication." 20 C.F.R. §§ 404.1529(c), 416.929(c). The treatment a claimant received, especially when conservative, is a legitimate consideration in a credibility finding. *Parra v. Astrue, 481 F.3d 742, 751* (9th Cir. 2007) ("Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"). Importantly, "the fact that treatment may be routine or conservative is not a basis for finding subjective symptom testimony unreliable absent discussion of the additional, more aggressive treatment options the ALJ believes are available." *Block v. Berryhill*, 2018 WL 1567814 at \*5 (E.D. Cal. Mar. 31, 2018) (quoting *Moon v. Colvin*, 139 F. Supp. 3d 1211, 1220 (D. Or. 2015)). Thus, an ALJ errs in rejecting subjective complaints on these grounds where he fails "failed to explain why [the treatment] is routine or conservative or what more aggressive treatment was available and appropriate for Plaintiff." *Candice C. v. Saul*, 2019 WL 5865610 at \*4 (C.D. Cal. Nov. 8, 2019).

To the extent the ALJ believed Plaintiff received conservative care for his impairments, the ALJ did not identify any additional treatment that she believed was available. Without further findings, the ALJ erred in rejecting Plaintiff's subjective statements on these grounds. *See Candice C.*, 2019 WL 5865610 at \*4; *Calleres v. Comm'r of Soc. Sec.*, 2020 WL 4042904 at \*5 (E.D. Cal. July 17,

5

2020) (concluding a claimant's conservative treatment was not a clear and convincing reason for discounting testimony where the ALJ did not identify any additional "treatment that is available for such impairments ... that the [claimant] did not use").

Likewise, the ALJ did not cite any specific evidence to support her conclusion that the treatment received was effective, or sustained. Rather, the ALJ generally cited all exhibits in the medical record, which totaled more than 100 pages.  This is insufficient to constitute a "clear and convincing" reason to reject Plaintiff's subjective statements.  *See, e.g., Attmore v. Colvin*, 827 F.3d 872, 877-79 (9th Cir. 2016) (finding the ALJ erred in relying upon the claimant's response to treatment where there was not evidence of sustained improvement); *Hernandez v. Kijakazi*, 2023 WL 8948405, at *5 (E.D. Cal Dec. 28, 2023) (finding the ALJ erred in relying on improvement as a reason because the ALJ failed to "cite to evidence in the record observing specific improvement in Plaintiff's symptoms due to medication"); *see also Diana L. v. Comm'r of Soc. Sec.*, 2023 WL 4840047, at *4 (W.D. Wash. July 28, 2023) (finding the ALJ erred where the ALJ did not cite evidence to show the "[p]laintiff improved to a degree that is inconsistent with her hearing testimony").

### 2. Objective medical evidence

The sole remaining factor considered by the ALJ was the consistency with the objective medical evidence. (*See* Doc. 14-2 at 34.)  In general, "conflicts between a [claimant's] testimony of subjective complaints and the objective medical evidence in the record" can constitute specific and substantial reasons that undermine … credibility." *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).  However, a claimant's subjective statements concerning the severity of his symptoms "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence ...." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis"). For this reason, the ALJ's analysis is insufficient.

Moreover, even if the objective medical evidence was not the only remaining reason to discount Plaintiff's testimony, it would not constitute a "clear and convincing" reason.  Although the ALJ concluded Plaintiff's testimony was "not entirely consistent with the medical evidence" the ALJ

1    did not identify the specific testimony she believed to be inconsistent, or support the conclusions with
2    citations to the record. (Doc. 14-2 at 33.) Unless the ALJ links a claimant's testimony to "the
3    observations an ALJ makes as part of the summary of the medical record," the summary is insufficient
4    to reject a claimant's statements. *Argueta v. Colvin*, 2016 WL 4138577 (E.D. Cal. Aug. 3, 2016),
5    citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). In addition, the district court may
6    not review the summarized record to identify inconsistencies. For example, in *Brown-Hunter*, the
7    claimant argued the ALJ failed to provide clear and convincing reasons for rejecting her symptom
8    testimony. *Id.*, 806 F.3d at 491. The district court identified inconsistencies in the ALJ's summary of
9    the medical record that it opined gave rise to reasonable inferences about the plaintiff's credibility. *Id.*
10   On appeal, the Ninth Circuit determined the ALJ failed to identify the specific testimony she found not
11   credible and did not link that testimony to support the adverse credibility determination. *Id.* at 493.
12   The Court explained that even if the district court's analysis was sound, the analysis could not cure the
13   ALJ's failure. *Id.* at 494.

14         The Ninth Circuit also determined an ALJ erred when discrediting symptom testimony as "not
15   entirely consistent with the medical evidence," without linking testimony and medical evidence in
16   *Holcomb v. Saul*, 832 Fed. App'x. 505 (9th Cir. Dec. 28, 2020). In *Holcomb*, the ALJ summarized the
17   claimant's testimony and "determined that his symptom testimony was not 'entirely consistent with the
18   medical evidence and other evidence in the record.'" *Id.* at 506. The Court found that "the ALJ
19   discussed relevant medical evidence but failed to link Holcomb's symptom testimony to specific
20   medical records and explain why those medical records contradicted his symptom testimony." *Id.* The
21   Court observed that "the ALJ never mentioned Holcomb's symptom testimony while discussing the
22   relevant medical evidence." *Id.* Because the Court is constrained to the reviewing reasons identified
23   by the ALJ for discounting testimony, the "failure to specific the reasons for discrediting Holcomb's
24   symptom testimony was reversible error." *Id.* (citing *Brown-Hunter*, 806 F.3d at 494).

25         Likewise, here, the ALJ offered little more than a summary of the medical evidence related to
26   Plaintiff's impairments, and she did not identify hearing testimony from Plaintiff that conflicted with
27   this summary. The Court is unable to cure these errors. *See Brown-Hunter*, 806 F. 3d at 494;
28   *Holcomb*, 832 Fed. App'x. at 506; *see also Marie A.G. v. Kijakazi*, 2023 U.S. Dist. LEXIS 74607, at

\*11 (C.D. Cal. Apr. 28, 2023) ("In the absence of links between the ALJ's findings and Plaintiff's testimony, the Court may not infer that the ALJ's summary of the treatment record contained actual reasons for discounting Plaintiff's testimony and review them as such").

### 3. Conclusion

The ALJ failed to meet the burden to identify clear and convincing reasons supporting the adverse credibility determination, which were "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The Court is unable to find the ALJ's decision is supported by substantial evidence in the record.

### B. Remand for further proceedings

The decision whether to remand a matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Plaintiff requests the matter be remanded for further proceedings. (Doc. 29 at 3.)

The ALJ failed to identify legally sufficient reasons to reject Plaintiff's subjective statements, which impacted the residual functional capacity determination. A remand for further proceedings regarding the subjective statements of a claimant is an appropriate remedy. *See, e.g., Bunnell*, 947 F.2d at 348 (affirming a remand for further proceedings where the ALJ failed to explain with sufficient specificity the basis for rejecting the claimant's testimony); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (remanding the case "for further proceedings evaluating the credibility of [the claimant's] subjective complaints…"). Thus, a remand for further proceedings is appropriate in this action.

### IV. Conclusion and Order

According to 28 U.S.C. § 636 (b)(1), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter, the Court finds the ALJ failed to apply the proper legal standards and declines to adopt the findings of the magistrate judge. *See Sanchez v. Sec'y of Health &*

*Human Serv.,* 812 F.2d 509, 510 (9th Cir. 1987).  Thus, the Court **ORDERS**:

1. The Court declines to adopt the Findings and Recommendations (Doc. 26).
2. Plaintiff's appeal of the administrative decision (Doc. 18) is **GRANTED.**
3. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision.
4. The Clerk of Court is directed to enter judgment in favor of Plaintiff Daniel Garcia Cervantes and against Defendant Leland Dudek, Acting Commissioner of Social Security, and to close this case.

IT IS SO ORDERED.

Dated:   **May 28, 2025**

UNITED STATES DISTRICT JUDGE