**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL GARCIA CERVANTES,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security[1],<br><br>Defendant. | Case No. 1:20-cv-01446 JLT BAM<br><br>ORDER GRANTING THE PARTIES' JOINT MOTION FOR RELIEF FROM JUDGMENT (Doc. 32)<br><br>ORDER VACATING THE ORDER DATED MAY 28, 2025, AND JUDGMENT (Docs. 30, 31)<br><br>ORDER REMANDING THE MATTER FOR FURTHER PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), UPON THE STIPULATION OF THE PARTIES<br><br>ORDER DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST THE DEFENDANT |

Daniel Garcia Cervantes initiated this action seeking judicial review of the administrative decision to deny his application for Social Security benefits. (Doc. 1.) The Commissioner filed an administrative record as the answer to the complaint, after which the parties filed briefing regarding whether to affirm or reverse the administrative decision. (Docs. 14, 18, 19, 20.) The Court ultimately remanded the matter for further proceedings and entered judgment in favor of the Plaintiff. (Docs. 30, 31.) The parties now jointly request relief pursuant to Rule 60(b) of the

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Frank Bisignano as the defendant in this action.

1

Federal Rules of Civil Procedure.  (Doc. 32.)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id*.  Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted).  The moving party "must demonstrate both injury and circumstances beyond his control ...."  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks, citation omitted).

The parties request relief under Rule 60(b)(1) or Rule 60(b)(6).  (Doc. 32 at 2.)  The parties report that when Plaintiff's counsel was preparing a motion for attorney fees, he realized for the first time that "the administrative record did not belong to Plaintiff, but rather to a claimant with a similar name, and entirely different Social Security Number (SSN)."  (*Id* at 2.)  Upon notice from counsel, the Agency confirmed "the wrong administrative record had been filed in this case."  (*Id.*)  Based upon this error, the parties request the Court relieve the parties from final judgment and remand the matter for further proceedings.  (*Id.* at 3.)  In addition, the parties "request that the Court expunge the administrative record, Plaintiff's Opening Brief, Defendant's Opposition Brief,

2

1  Plaintiff's Reply Brief, the magistrate judge's Findings and Recommendations, and Plaintiff's
2  Objections to the Findings and Recommendations, and anything else the Court deems appropriate
3  from the docket." (*Id.*)
4      Based upon the information provided by the parties, the Court agrees relief from final
5  judgment under Rule 60(b) is appropriate, because the parties present newly discovered evidence
6  of a mistake in filing the administrative record, which resulted the Court addressing the
7  application of an individual other than Plaintiff.  Although the parties request the documents be
8  stricken, such action would not remove the documents from the Court's docket.  The Court finds
9  there is good cause to seal the case—which prevents any public access— to protect the personally
10 identifiable and medical information of the non-party to this action.[2]  Accordingly, the Court
11 **ORDERS**:
12     1.    The parties' joint request for relief under Rule 60(b) (Doc. 32) is **GRANTED**.
13     2.    The order and judgment dated May 28, 2025 (Docs. 30, 31) are **VACATED**.
14     3.    The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for
15     further proceedings, consistent with the parties' stipulation (Doc. 32-1), including
16     a new decision and completion of the administrative record.
17     4.    The Clerk of Court is directed to enter judgment in favor of Plaintiff and against
18     Defendant.
19     5.    The action **SHALL** remain closed.

IT IS SO ORDERED.

Dated:   **September 29, 2025**

UNITED STATES DISTRICT JUDGE

---

[2] Although there is a presumption in favor of maintaining public access to court records, *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), the Court notes that medical records are deemed confidential. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). In light of these considerations, the Court finds that the need to protect the third party's confidential medical and personally identifiable information outweighs any necessity for disclosure, and *sua sponte* seals the aforementioned documents. *See* Fed.R.Civ.P 26(c) (authorizing the court, for good cause, to enter a protective order).